
OCT 22 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jose Alberto Osorio,<br>　　Petitioner,<br><br>v.<br><br>Commonwealth of Virginia,<br>　　Respondent. | )<br>)<br>)<br>)　1:12cv134 (LMB/JFA)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Jose Alberto Osorio, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his first degree murder and use of a firearm to commit the murder convictions entered on a jury verdict in the Circuit Court for the City of Alexandria, Virginia. On May 9, 2012, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. On September 12, 2012, Osorio was advised of his opportunity to file responsive materials in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a reply. For the reasons that follow, respondent's Motion to Dismiss will be granted, and Osorio's petition will be dismissed with prejudice.

### I. Background

On November 9, 2009, Osorio was indicted on one count of murder in violation of Va. Code § 18.2-32 and one count of use of a firearm in the commission of the murder in violation of Va. Code § 18.2-53.1. He was tried by a jury in February, 2010, and convicted of both offenses. On April 12, 2010, Osorio was sentenced to serve 48 years in prison.

Osorio appealed his convictions. On October 28, 2010, a single judge of the Court of

1

Appeals of Virginia awarded Osorio an appeal on his claim that a violation of Batson v. Kentucky, 476 U.S. 79 (1986) occurred during jury selection. The remainder of Osorio's petition for appeal was denied. Osorio v. Commonwealth, R. No. 0906-10-4 (Va. Ct. App. Oct. 28, 2008). The Court of Appeals subsequently affirmed Osorio's conviction by unpublished opinion. Osorio v. Commonwealth, R. No. 0906-10-4 (Va. Ct. App. May 31, 2011). On November 28, 2011, the Supreme Court of Virginia refused Osorio's petition for further review. Osorio v. Commonwealth, R. No. 111182 (Va. Nov. 8, 2011).

Osorio then turned to the federal forum and timely filed this application for § 2254 relief on January 29, 2012.[1] Osorio reiterates some of the claims he raised on direct appeal, as follow:

1. The trial court erred in denying his motion to suppress when there was no reasonable articulable suspicion to seize him on the basis of a vague, inaccurate description.

2. The trial court erred in sustaining the Commonwealth's objections to two peremptory strikes by the defense as Batson violations.

3. The trial court erred in granting the Commonwealth's motion in limine to exclude the decedent's reputation for aggressive panhandling.

4. The evidence was insufficient to sustain the conviction where premeditation or malice were not proved.

---

[1] A pleading submitted by an incarcerated litigant is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, Osorio signed his petition on January 29, 2012, and in the absence of evidence to the contrary, it is assumed that he placed his petition in the prison mailing system that same day.

Respondent concedes that the claims raised are exhausted.[2] Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court

---

[2]Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

3

decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

In his first claim, Osorio argues that the trial court erred in denying his motion to suppress a firearm recovered during a seizure of his person. Specifically, Osorio argues that the seizure was based not on reasonable, articulable suspicion but instead on a vague and inaccurate description. Federal consideration of this contention is foreclosed by the doctrine announced in Stone v. Powell, 428 U.S. 465, 494 (1976), where the Supreme Court held that where a state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Pursuant to Stone, a federal court may not re-examine a state court's determination that no Fourth Amendment violation occurred, or that Fourth Amendment violation did occur but was harmless, unless it determines that the state did not provide the petitioner an opportunity for full and fair litigation of that claim. Hughes v. Dretke, 412 F.3d 582 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit Court of Appeals has observed, "Stone ... marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982). In this case, it is readily apparent based on the record discussed above that petitioner was afforded a full and fair opportunity by the Commonwealth of Virginia to litigate his contention that his Fourth Amendment rights were violated. Accordingly, pursuant to Stone, that question may not be revisited here.

In his second claim, Osorio alleges that the trial court erred in sustaining the Commonwealth's objections to two peremptory strikes by the defense as <u>Batson</u> violations. After defense counsel used three of five available peremptory strikes to remove African-Americans from the jury panel, the prosecutor objected, noting that "[t]he victim in this case is black. Two of the three African Americans are about the same age as the victim. There has been nothing offered by two of the three in *voir dire* which would justify the strike for anything other than their color and their age." T. 2/16/2010 at 98 - 99. Defense counsel responded that one of the jurors "was not engaged at all in voir dire," had "a bit of a scowl," and "just did not seem like she was interested in participating at all in the case." <u>Id</u>. at 99. The other juror, according to defense counsel, "sat there with her arms crossed, making faces at different times," "just did not appear to be involved at all," and displayed "absolutely closed" body language. <u>Id</u>. at 99, 101. The court ruled that these grounds were not "sufficient to overcome the <u>Batson</u> objection by the Commonwealth. The defense had an opportunity to question those jurors. If you were concerned at all, it had to be made known, verbal responses to any of the questions, and I don't believe that anything can be discerned from the way they've been sitting there. ... [T]here were a lot of jurors that didn't answer any questions, and I think it would have been incumbent upon the defense to ask a question, if you were concerned about a juror's demeanor." <u>Id</u>. at 101.

When Osorio challenged the foregoing ruling on direct appeal, the Court of Appeals found his position to be without merit, as follows:

> Here, the trial court ruled, 'I don't think the grounds asserted for the defense's use of peremptory strikes ... are sufficient to overcome the <u>Batson</u> objection by the Commonwealth ... I don't believe that anything can be discerned from the way they've been sitting here.' While the behavior of potential jurors can provide a legitimate race-neutral reason for exercising a peremptory challenge, <u>Batson</u>, 476

5

U.S. at 89, the trial court made a factual finding that nothing about the behavior of either challenged juror was out of the ordinary. There is nothing in the record to suggest the trial court's finding was clearly erroneous. 'Obvious human characteristics such as age, sex, race and demeanor are generally discernible and apparent to anyone present in the courtroom ... [and] [t]hough not precisely recited in the record, such facts and circumstances attendant to jury selection presented an array of sensory perceptions to the trial judge which are relevant and appropriate considerations' to the trial court's disposition of the Commonwealth's motion. Barksdale v. Commonwealth, 17 Va. App., 456, 461, 438 S.E. 2d 761, 764 (1993) (*en banc*).

The trial court personally observed the challenged jurors and nonetheless found nothing noteworthy about the behavior of either. Under these circumstances, we cannot say the trial court's decision to sustain the Batson challenge was clearly erroneous.

Osorio v. Comm., R. No. 0906-10-4, Oct. 28, 2010, slip op. at 3 - 4.[3]

The Equal Protection Clause prohibits using peremptory strikes based on race, and the constitutionality of a challenge to a peremptory strike is based on whether "counsel's race-neutral explanation for a peremptory challenge should be believed." Miller-El v. Cockrell, 537 U.S. 322, 339 (2003). A reviewing court should accord "significant deference" to the trial court's determination that an explanation of a peremptory challenge was in fact race-neutral. Id.; see also, Patton v. Yount, 467 U.S. 1025 (1984) (juror impartiality is an issue of historical fact entitled to the § 2254 (d) presumption of correctness where there is fair record support for the trial court's ruling). Here, nothing suggests that the trial court's rejection of the defense's Batson challenge should not be accorded the appropriate deference, and petitioner's unexplained assertion in the response to the Motion to Dismiss that the "trial court abused its discretion in sustaining the Commonwealth's objection" [Dkt. 15 at 3] falls short of calling that decision into

---

[3]Because the opinion of the Court of Appeals was the last reasoned decision on Osorio's claims, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

question. Therefore, the Court of Appeals' affirmance of that decision was neither contrary to nor an unreasonable application of federal law, nor was it is based on an unreasonable interpretation of facts, cf. Williams, 529 U.S. at 412-13, and the same result must pertain here.

In his third claim, petitioner argues that the trial court erred in granting the Commonwealth's motion in limine to exclude the decedent's reputation for aggressive panhandling. When petitioner raised this same claim on direct appeal, it was rejected by the Virginia Court of Appeals on the following holding:

> On February 16, 2010, at the beginning of appellant's jury trial for the murder of Sylvester Muskelly, the Commonwealth sought to preclude appellant from introducing evidence that Muskelly was known in the area as an 'aggressive panhandler,' and appellant sought to have it admitted. Appellant contended he acted in self-defense and argues aggressive panhandling 'is not very far from a robber or someone that's assaulted. Aggressive panhandling is very close to assaultive behavior. So that's his reputation in the community at this point.' The parties indicated that Officer Esposito would testify regarding the panhandling. The trial court explained that evidence of the victim's reputation in the community for violence is admissible; however, it found that 'aggressive panhandling' is a general characterization which would require evidence of the specific acts and conduct constituting aggressive panhandling before admitting such evidence. Therefore, it withheld ruling at that time pending evidence of self-defense and evidence regarding the victim's specific behavior.
>
> On the second day of trial, after appellant testified that he acted in self-defense, the attorneys approached the bench so the trial court could rule on the admissibility of the testimony from Officer Esposito regarding Muskelly's panhandling. The parties advised the trial court that Officer Esposito was present, however, he did not testify. Instead, the following took place:
>
> > MR. CULLEN [Appellant's Attorney]: Right, [Officer Esposito is here] about the arrest for panhandling. He's not - I just took a second. He's not very specific about assaultive behavior, that kind of thing.
> >
> > THE COURT: Well, I've taken some time to look at

> the law on this, and I don't think testimony by a witness that would describe the deceased as an aggressive panhandler would be, would constitute a reputation in the community for aggressive behavior, you know, violence or turbulent behavior, I think, is the language, turbulent behavior or violence.
>
> And so I would sustain that objection as to the officer testifying that he knew him to be an aggressive panhandler, if that's what his testimony is.
>
> * * *
>
> The record fails to contain the testimony upon which appellant claims he had a right to present to the jury. [sic] However, the trial court accepted and relied upon the parties' proffers in denying the motion. Under these proffers, Esposito would merely testify that he had seen the victim panhandling, an activity not deemed an act of violence. Accordingly, the trial court did not err in refusing to admit that evidence.

Osorio v. Comm., R. No. 0906-10-4, Oct. 28, 2010, slip op. at 6 - 8.

Claim three also fails. "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Billotti v. Legursky, 975 F.2d 113, 119 (4th Cir. 1992) (quoting Engle v. Isaac, 456 U.S. 107, 119 (1982)). Therefore, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Bates v. Lee, 308 F.3d 411, 420 (4th Cir.), cert. denied, 538 U.S. 1061 (2003), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Questions regarding the admissibility of evidence normally are matters of state law and procedure, and do not implicate federal constitutional issues. "It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented." Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

Moreover, to be cognizable on federal habeas corpus review, a claim involving a state evidentiary ruling not only must be expressed as a constitutional deprivation, but also first must have been argued in such terms in the state forum. Moore v. Illinois, 408 U.S. 786, 799 (1972) (due process issue concerning admission into evidence of shotgun raised for the first time in federal petition not properly before federal court where "there [was] nothing in the record to disclose, that due process was argued in the state courts.").

In this case, it does not appear that Osorio's third claim is expressed as an error of constitutional dimension, Pet. at unnumbered p. 6, and since it only implicates state law, it states no basis for federal relief. Cf. Grundler, 283 F.2d at 802. Moreover, even if the claim could be very broadly interpreted as raising a federal due process argument, it is apparent that no such implications were presented to the Virginia courts. Therefore, a claim of constitutional dimension has not been exhausted, and so is not cognizable here. Moore, 408 U.S. at 799. Lastly, even if Osorio's third claim were capable of being addressed on the merits, its rejection by the Court of Appeals of Virginia was neither contrary to nor an unreasonable application of federal law, nor was it is based on an unreasonable interpretation of facts. Cf. Williams, 529 U.S. at 412-13. Therefore, it warrants no federal relief.

In his fourth claim, Osorio argues that the evidence was insufficient to sustain the murder conviction where premeditation or malice were not proved, and where it established that he acted in self-defense. Osorio asserts that consequently, "[t]he case should not have gone to the jury with a charge more serious than voluntary manslaughter." Pet. at unnumbered p. 7. When petitioner raised this same claim on direct appeal, it was rejected on the following holding:

> Here, appellant, who was armed with a firearm, deliberately shot and killed an unarmed man at close range and immediately left the scene. When an officer approached to investigate, appellant ignored the officer and continued to avoid contact. After his arrest, appellant

9

provided several statements in which he was not forthright with many details. Initially, appellant told police he saw no weapon on the victim, however, he testified at trial that he thought the victim had a knife. After investigating the scene, the police found no weapons on or near the victim, nor did they find appellant's bottle of alcohol appellant claims the victim demanded from him.

The jury, as fact finder, believed the Commonwealth's evidence and theory of the case and rejected appellant's version of events, including his testimony at trial that the victim came at him with a knife, a statement that conflicted with his statement to police that the victim was not armed and did not touch him in a aggressive manner. ... The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt appellant killed the victim with malice and premeditation. Accordingly, the trial court did not err in refusing to strike the evidence on those bases.

\* \* \*

Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact that will not be disturbed on appeal unless plainly wrong or without evidence to support it. <u>Yarborough v. Commonwealth</u>, 217 Va. 971, 979, 234 S.E.2d 286, 292 (1977).

In his initial statement to police, appellant said Muskelly had no weapon. He later testified that Muskelly came at him with a knife. After hearing all the evidence, including appellant's various statements to police and his testimony at trial, the jury, as fact finder, rejected appellant's theory that he shot Muskelly after the victim threatened him with a knife. ...

Under these facts, the jury's determination that appellant did not act in self-defense was not plainly wrong or without evidence to support it. Accordingly, the trial court did not err in refusing to strike the evidence on that basis.

<u>Osorio v. Comm.</u>, R. No. 0906-10-4, Oct. 28, 2010, slip op. at 10 - 12.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most

favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546-47 (1981); see <u>Wilson v. Greene</u>, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing <u>Wright v. West</u>, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. <u>Herrera v. Collins</u>, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Osorio guilty of the murder with which he was charged. See <u>Jackson</u>, 443 U.S. at 319. Therefore, its determination that the conviction was supported by sufficient evidence was neither contrary to, nor an unreasonable application of, controlling federal law, <u>Jackson</u>, <u>supra</u>, nor was it based on an unreasonable interpretation of the record. Accordingly, this claim of insufficient evidence fails. <u>Williams</u>, 529 U.S. at 412 - 13.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 22nd day of October 2012.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

11